IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**02 - 61262**

**CIV - DIMITROULEAS**

**MAGISTRATE JUDGE SELTZER**

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )   CASE NO.<br>) |
| CITY OF FORT LAUDERDALE, FLORIDA, | )<br>)<br>) |
| Defendant. | )<br>) |

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, United States of America, alleges:

1. This action is brought by the United States to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").

2. This Court has jurisdiction over the action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§ 1331, 1345.

3. Defendant, the City of Fort Lauderdale ("Defendant"), is a political subdivision of the State of Florida, created pursuant to Florida law.

4. Defendant is a person within the meaning of 42 U.S.C.§ 2000e(a), and an employer within the meaning of 42 U.S.C. § 2000e(b).

5. The Equal Employment Opportunity Commission ("EEOC") received a timely charge filed by Elgin O. Jones (Charge No. 15A-98-0317), a black male employed in the City's Public Services Department, which alleged that the City discriminated against Mr. Jones on the basis of his race and in retaliation for opposing practices he reasonably believed to be discriminatory.



6. Pursuant to Section 706 of Title VII, 42 U.S.C. § 2000e-5, the EEOC investigated the charge, found reasonable cause to believe that Mr. Jones' allegations of racial discrimination and retaliation were true, attempted unsuccessfully to achieve through conciliation a voluntary resolution of the charge, and subsequently referred the charge to the Department of Justice.

7. All conditions precedent to the filing of suit have been performed or have occurred.

## FIRST COUNT

8. Defendant Fort Lauderdale has discriminated against Elgin O. Jones, because of his race, black, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), among other ways, by:

   a. failing or refusing to promote Mr. Jones to the position of Engineering Inspector I in February 1998; and

   b. failing or refusing to take appropriate action to remedy fully the effects of the discrimination against Mr. Jones.

## SECOND COUNT

9. Defendant has discriminated against Mr. Jones in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by:

   a. subjecting Mr. Jones to harassment that adversely affected the terms, conditions, and privileges of his employment because he opposed employment practices by Defendant that he reasonably believed to be unlawful practices on the basis of race, filed an internal complaint of discrimination with the City, and filed a charge of discrimination with the

        Equal Employment Opportunity Commission, EEOC Charge No. 15A-98-0317; and

   b.   failing or refusing to take appropriate action fully to remedy the effects of the discrimination against Mr. Jones.

WHEREFORE, Plaintiff, the United States, prays that this Court grant the following relief:

   a.   Enjoin the City and its directors, officers, agents, employees, successors, and all persons in active concert or participation with the City, as appropriate, from failing or refusing to:

      (i)   provide sufficient remedial relief to make whole the charging party, Mr. Jones, for the individual loss he has suffered as a result of the discrimination against him as alleged in this complaint;

      (ii)   adopt a clear, meaningful, and well-publicized written policy prohibiting retaliatory harassment against any City employee; and

      (iii)   take other appropriate nondiscriminatory measures to overcome the effects of the discrimination alleged in this complaint.

   b.   Award compensatory damages to Elgin O. Jones for mental and/or physical injuries incurred as a result of the discrimination against him as alleged in this complaint, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

Plaintiff prays for such additional relief as justice may require.

## JURY DEMAND

The United States hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

JOHN ASHCROFT
Attorney General
U.S. Department of Justice

By: _____
RALPH F. BOYD, JR.
Assistant Attorney General
Civil Rights Division

_____
MARYBETH MARTIN
 D.C. Bar No. 244202
CHARLOTTE BURROWS
 Member N.Y. Bar (no number issued)
CAROLYN CLARK
MA Bar No. 633142
Civil Rights Division
950 Pennsylvania Avenue, N.W.
Employment Litigation Section, Room 4613
Washington, D.C. 20035-5968
Telephone: (202) 514-3862
Facsimile: (202) 514-1105
Electronic Mail: cburrows@usdoj.gov

MARCOS DANIEL JIMENEZ
United States Attorney
Southern District of Florida

By: *[signature: Robyn J. Hermann]*

ROBYN HERMANN
Florida Bar No. 0187968
Civil Chief
99 Northeast Fourth Street
Miami, Florida 33132
Telephone: (305) 961-9332
Facsimile: (305) 530-7976

# CIVIL COVER SHEET

02-61262

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

United States of America

## DEFENDANTS

CIV. DIMITROULEAS

City of Fort Lauderdale, Florida

MAGISTRATE JUDGE
SELTZER

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

Broward 82-cv-2/262/ [handwritten] Seltzer

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Broward County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Charlotte Burrows, Esq.; Carolyn Clark, Esq.
U.S. Dep't of Justice, Civil Rights Division
950 Pennsylvania Ave., NW Washington, DC 20530
Attn: Employment Litigation Section
Patrick Henry Bldg. Rm 4613 202/514-3862

**ATTORNEYS (IF KNOWN)**
Gordon Rogers, Esq.
Muller Mintz, P.A.
200 South Biscayne Blvd., Suite 3600
Miami, Florida 33131 Phone: 305/358-5500

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. as amended.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | [X] 442 Employment | Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
Jones v. City of Ft. Lauderdale

JUDGE Graham, J.    DOCKET NUMBER 02-cv-60652

DATE 9/9/2002

SIGNATURE OF ATTORNEY OF RECORD
Charlotte Burrows

**UNITED STATES DISTRICT COURT**